SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (“BIA”), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Mei Zhu Chen, a native and citizen of the People’s Republic of China, seeks review of the July 10, 2008 order of the BIA affirming the November 29, 2005 decision of Immigration Judge (“IJ”) Barbara A. Nelson, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[2] In re Mei Zhu Chen et al., Nos. A095 687 802/303/304 (B.I.A. July 10, 2008), aff'g Nos. A095 687 302/303/304 (Im-mig. Ct. N.Y. City Nov. 29, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for this decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As a preliminary matter, we are not persuaded by Chen’s argument that the IJ failed to make an “explicit credibility finding.” See Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000). While we have held that “[v]ague, unclear, and passing statements” by the IJ do not constitute an explicit *281 credibility finding, Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008) (per cu-riam), we have never held that any “magic words” are necessary to make an explicit credibility determination. Here, the IJ cited specific reasons for her doubts as to Chen’s credibility, including that Chen’s story was “so filled with implausibilities” that she failed to meet her burden of proof, and that Chen was “totally incredible regarding her documents.” Moreover, in affirming the IJ’s decision, the BIA expressly found that the IJ made an adverse credibility determination. Thus, we are satisfied that the agency made an “explicit credibility finding,” and review its decision accordingly. See Zaman, 514 F.3d at 237; see also Diallo, 232 F.3d at 287.
We “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam). Substantial evidence supports the agency’s adverse credibility determination. The IJ and BIA both noted Chen’s three inconsistent explanations regarding how she obtained her documentary evidence: (1) that the documents were sent to her sister in the U.S., which contradicted her testimony that she was no longer in touch with her sister; (2) that the documents were carried by hand to the U.S. by another person, whom she does not know personally; and (3) that she received the documents in the mail and had the envelope in which they came. Chen fails to challenge this finding in her brief to this Court and therefore we deem it waived.[3] See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Further, the agency reasonably found several aspects of Chen’s claim implausible and properly relied on Chen’s demeanor in finding her incredible. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Chen fails to challenge this demeanor finding in her brief to this Court. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7. Furthermore, having called Chen’s credibility into question, the agency did not err in basing its adverse credibility finding in part on the absence of corroborating evidence. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Chen argues that the BIA erred in failing to consider whether she was eligible for asylum based on the fact that she has two children in violation of China’s coercive birth control policy and in “ignorfing]” background evidence supporting this claim, such as the “Aird Affidavit.” Contrary to Chen’s argument, it is well-settled that the BIA need not “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” particularly when rejecting the “oft-cited Aird affidavit” and other evidence that it “is asked to consider time and again.” Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted).
Inasmuch as Chen based her claims for withholding of removal and CAT relief on. the same factual predicate as her asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have com-, pleted our review, the pending motion for *282 a stay of removal in this petition is DISMISSED as moot.

. Chen's daughters, Li Hua and Li Bin, were included as derivative applicants on Chen's asylum application and are also petitioners in this Court. However, this order refers solely to Chen because she was the lead applicant before the agency.

. Because Chen does not challenge this finding, we need not reach her argument that the IJ erred by failing to admit these documents.